

**United District Court**
**District of Rhode Island**

| | |
|---|---|
| Clara Akalarian | : |
| Frances Burt | |
| Vincent and Myra Ferla | : |
| Norman Gray | : |
| Souhail S. Khoury | : |
| Dina Maccarone | |
| Mercedes Mendez | : |
| Timothy Noiseux | : |
| Lauren Obering | ; |
| Edward and Joy Stoltenberg | : |
| James Wills, III | : |
| Plaintiffs for themselves | ; |
| And Others Similarly Situated | : |
| Vs. | Civil Action 11- |
| American Home Mortgage | : |
| Servicing, Inc. | : |
| Aurora Loan Servicing, LLC, | |
| Bank of America Home Loans | : |
| Chase Home Finance LLC | : |
| Flagstar Bank, FSB | : |
| GMAC Mortgage, LLC | : |
| HSBS Mortgage Corporation (USA) | : |
| Home Loan Services Inc; | : |
| Litton Loan Servicing | : |
| Ocwen Loan Servicing, LLC | : |
| One West Bank | : |
| PHH Mortgage Corporation | : |
| Wells Fargo and Company | : |
| John Doe Mortgage Servicer,Inc. | : |
| All in their sole Capacity as | : |
| Mortgage Servicers. | : |
| Defendants | |

## CA11- 427M

A Complaint to Restrain Mortgage Servicers from Foreclosing By Advertising or Evicting Plaintiffs from Their Homes after an Illegal Foreclosure.

**Parties.**

1. The Plaintiffs are the following representative class members who seek to stay Defendant

Mortgage Servicers who utilized their membership in the Mortgage Electronic

Registration System, Inc (MERS) to file illegal assignments to conduct illegal

foreclosures and subsequent wrongful evictions of the Plaintiffs and similarly situated members of the Plaintiff class from their homes and rental properties.

i.   The Plaintiff. Clara Akalarian is facing eviction from her home on 793 Namquid Drive in Warwick, Rhode Island from Defendant Mortgage Servicer Home Loan Services Inc. of Pittsburg, Pa. 155212 and from IndyMac Mortgage Services a division of Defendant Mortgage Servicers, OneWest Bank of P.O. Box 78286, Phoenix Arizona 85062,on the basis of illegal recorded mortgage foreclosure deed which was recorded as the result of prior illegal assignment recorded through its membership in  Mortgage Electronic Registration System, (MERS). Plaintiff Clara Akalarian, is also facing an eviction from her sister's home, Lillian McKinsey, which she owns on 672 Namquid Drive in Warwick, Rhode Island . Clara Akalarian is attempting to clear title of One West Bank's illegal recordings in the Providence Superior Court in the C.A. 10-04744 and in 10-5404 and is otherwise facing a possible actions by Defendant OneWest Bank to evict prior to the completion of her title clearing actions. Clara Akalarian and her sister, Lillian McKinsey, are in their eighty's and are living on Social Security income and would be severely harmed if they were evicted prior to the completion of their title clearing actions.

ii.   The real estate owned by Plaintiff Frances Burt in Woonsocket, R.I.  has been subject to an illegal foreclosure by the Defendant BAC Home Loan Servicing L.P. 7105 Corporate Drive, Plano, TX 75024, and her tenants are is in danger of being evicted by Defendant Bank Of America Home Loan Servicing L.P.

iii.   The Plaintiff Norman Gray is facing an illegal foreclosure of residential property he owns on Jonathan Court in the City of Warwick by Defendant American Home Mortgage Servicing, Inc. for his family, Brucetta Campbell and children.

iv.     The Plaintiff, Souhail Khoury, of Putnam Pike, Smithfield, Rhode Island is facing

        eviction from his residential property at 672 Putnam Pike ;Smithfield on the basis of a

        wrongful foreclosure by Defendant Mortgage Servicer GMAC Mortgage. LLC, and is

        also facing a wrongful foreclosure by advertising on residential property he owns on 670

        Putnam Pike, Smithfield, from Defendant Mortgage Servicer, GMAC Mortgage;

v.      Plaintiffs Vincent Ferla and Myra Ferla who reside at Pocahontas Drive, in Warwick,

        Rhode Island are facing wrongful foreclosures on their first mortgage by Defendant

        Mortgage Servicer, Bank of America Homes Loans and on their second mortgage by

        Defendant Mortgage Servicer, Chase Home Finance LLC on the basis of wrongful

        MERS assignments and are facing an illegal foreclosure by the Defendant GMAC

        Mortgage, LLC on their summer home in Brick Market Place Condominium at unit 206

        in Newport, Rhode Island;

vi.     The Plaintiff Dina Maccarone of Warwick was a victim of an illegal foreclosure by

        Defendant Wells Fargo, N.A. in its capacity as a mortgage servicer, and is facing possible

        eviction by the Defendant Wells Fargo.

vii.    The Plaintiff, Mercedes A. Mendez is a resident of Warwick, State of Rhode Island and

        has been threaten with an illegal foreclosure by Defendant Aurora Loan Servicing, LLC,

        despite having filed a separate complaint for relief in this Court.

viii.   Plaintiff Timothy Noiseux is a resident of Westerly, Rhode Island, who is facing eviction

        by Defendant Mortgage Servicer, Flagstar Bank, FSB of 51 Corporate Drive, Troy,

        Michigan 48095 and 750 Stephenson Highway, Troy, MI 48083-1103 despite having

        filed a complaint in this Court.

ix.   Plaintiff Lauren Obering is the owner of residential property on Mosher Drive in Barrington, Rhode Island, who is being threatened by an illegal foreclosure by Defendant Mortgage Servicer, Bank of America Home Loans of P.O. Box 5170 of Simi Valley, California 5170.

x.    Plaintiffs Edward and Joyce Stoltenberg  are owners of real estate on April Lane in Portsmouth, Rhode Island, with a second mortgage which is threatening to be foreclosed with an illegal foreclosure by Defendant Mortgage Servicer, Bank of America Home Loan Serving, L,P. of 400 National Way, Simi Valley, CA 9305. Defendants Stoltenberg has a title clearing suit pending on the MERS R.I. Superior Court Calendar calendar, 10-5958 in which the Defendant Mortgage Servicer, American Home Loans, is not a party.

xi.   Plaintiff Joseph E. Wills, III of Jewett City, Connecticut is the owner of 134 Courtland Street, Providence, Rhode Island which property has been threatened with foreclosure by Defendant Ocwen Loan Servicing, LLC although the Defendant Ocwen Loan Servicing LLC appears to have no recorded interest in the premises.

xii.  There are similarly situated members of the Plaintiffs class which has filed federal and state litigation to stop wrongful foreclosures by the Defendant Mortgage Servicers and which have lacked the financial resources to file litigation to stop the wrongful foreclosures and evictions by the Defendant Mortgage Servicers. Although not extensively briefed in *Anthony and Stephanie Bucci v. Lehman Brothers, MERS and Aurora Loan Services LLC*, 10-146A, now pending at the R.I. Supreme Court, the Appellants had asked t in their pleadings in the Providence Superior Court that Aurora Loan Services, LLC be estopped from any foreclosure activity for lack of authorization by R.I. statute to conduct foreclosures by advertising pursuant to R.I.G.L. 34-11-22.

4

2.  The Defendants are following R.I. Mortgage Servicers:

    i.    American Home Mortgage Servicing Inc. located at 1525 S. Beltline Rd, Coppell, TX 75019.

    ii.    Aurora Loan Services, L.L.C. based upon information and belief, is a Delaware Limited Liability Company authorized to do business within the State of Rhode Island. Aurora has a registered agent in Rhode Island, Corporation Service Company, 222 Jefferson Boulevard, Warwick, Rhode Island.

    iii.    The Bank of America Home Loan Servicing, L.P. located at 7105 Corporate Drive, Plano Texas 75024;

    iv.    Chase Home Finance LLC  located at 3415 Vision Drive Columbus, OH 43219;

    v.    Flagstar Bank, FSB of 51 Corporate Drive, Troy, Michigan 48095;

    vi.    GMAC Mortgage, located at located at 6716 Grade Lane, Building 9, Suite 910, Louisville, KY 40213;

    vii.    Home Loan Services Inc. located at 150 Allegheny Center Mall, of Pittsburg, Pa. 155212;

    viii.    Litton Loan Servicing, located at P.O. Box 4387,Houston, TX 77210, is a R.I. mortgage servicer ;

    ix.    Ocwen Loan Servicing LLC., located at 1661 Worthington Road, Suite 100 West Palm Beach, Florida 33409;

    x.    OneWest Bank  located at 7700 W. Parmer Lane, Bldg D, Austin, TX 78729;,

    xi.    PHH Mortgage Corporation located at 1 Mortgage Way, Mount Laurel, NJ 08054; and ,

xii.    Wells Fargo and Company located at 420 Montgomery Street, San Francisco,
California 94104.

xiii.   John Doe Mortgage Servicer, Inc. to include unidentified R.I.Mortgage Servicers
who have yet to be included in this complaint, and who are estimated to be
approximately fifteen (15) additional defendant servicers do illegal foreclosures
by advertising in Rhode Island.

3. The Defendants are being sued in their capacities as (i) Rhode Island *Mortgage Servicers,*
which are not authorized to conduct statutory foreclosures by advertising pursuant to
R.I.G.L.§34-11-22; and which Defendant *Mortgage Servicers* are limited to the functions
set forth in R.I.G.L.§19-9-9;R.I.G.L§34-26-8, R.I.G.L.§5-70-1; R.I.G.L.§34-28-17.1, and
(ii) as Mortgage Servicers which do not own mortgage notes endorsed to themselves and
secured by mortgage deeds recorded in their names, pursuant to R.I.G.L.§34-11-1 and
R.I.G.L.34§-11-12; and (iii) which Mortgage Servicers are members of the Mortgage
Electronic Registration Systems, Inc. (MERS) which illegally utilized MERS mortgages
and assignments to harm members of the Plaintiffs' class.

**Jurisdiction and Venue.**

4. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332
(diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of
interest and costs because no home of the Plaintiff has a value of less than such sum and
because each Defendant Mortgage Servicer is a foreign corporation based outside of the
State of Rhode Island and each Plaintiff member of the class is a resident of the State of
Rhode Island.

5.  This Honorable Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367.

6.  The Honorable Court also has subject matter jurisdiction pursuant to 28 U.S.C. 1331 pursuant to the provisions of 42 USC 1983 as elucidated in *Bivens v. Six Unknown Named Agents of Fed.Bureau of Narcotics,* 403 388 (1971) for taking the property rights of the Plaintiffs under the color of law, to wit, R.I.G.L. §34-11-22 without a judicial hearing, pursuant to R.I.G.L. 34-27-1.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of this action is situated within the State of Rhode Island.

8.  The void mortgage deed and the void assignment involved the Mortgage Electronic Registrations System, Inc. (MERS) and are subject to Judge McConnell's prior Order in this Court, Misc. No. 11-mc-88-M-LDA and all foreclosure and other actions against the Plaintiffs are accordingly temporarily restrained and enjoined. See Order of McConnell, J. dated August 16, 2011, as stated in pertinent part "3. All mortgage foreclosure cases (currently filed and to be filed in the future) are subject to this Order. 4. All mortgage foreclosure cases are hereby **STAYED** and shall remain so until further order of the Court."

9.  This Honorable United States District Court has the power to provide redress to the Plaintiffs as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and through the provisions of 42 U.S.C. §1983;of R.I.G.L.§9-30-2; of R.I.G.L.§34-16-4;of R.I.G.L.§34-26-1; of R.I.G.L.§34-13.1-5 , and of R.I.G.L.§34-7-5.

10. Plaintiffs further avers that they have redressible claims over the matters in this complaint pursuant to the application of the following statutes:

a) Each Plaintiff class member, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem his or her mortgage deed from an unauthorized foreclosure advertiser without a judicial hearing.

b) Each Plaintiff claims ownership of the latter described premises and has the right to s to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

c) Each Plaintiff claims sole marketable title to the property in question and claims the statutory right to prove a title root of forty (40) years pursuant to the provisions of R.I.G.L. § 34-13.1-5.

d) Each Plaintiff as a mortgagor claims the right to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

e) Each Plaintiff claims a right to a state judicial determination pursuant to R.I.G.L. § 9-30-2 whether the Plaintiff's deed to the premises is affected by a recorded conveyance of a Defendant.

f) Each Plaintiff has the right to appoint a trustee pursuant to R.I.G.L. §34-4-7 to sell the Plaintiff's property if the mortgagee or assignee cannot found to redeemed or if the title to the property cannot be cleared.

**Facts:**

8

11. No Defendant Mortgage Servicer, on information and belief, is an assignee, owner, of endorsed owner of a mortgage note signed by the Plaintiffs or a member of the Plaintiff class.

12. Each Defendant Mortgage Servicer, on information and belief, only have a contract with a Trustee of securitized bundles of assigned mortgage notes to collect income from their assigned mortgage notes to the Trust, and have no ownership interest in the individual mortgage notes assigned to the securitization Trustee.

13. On information and belief, no Defendant Mortgage Servicer has been granted or assigned a conveyance in a mortgage deed or assignment with the statutory the power of sale by advertisement from a Plaintiff, or from a member of the Plaintiff class, or from an assignee of a mortgage note.

14. On information and belief, no Mortgage Servicer has received from a Plaintiff, from a member of the Plaintiff class, or from an assignee of a Plaintiff mortgagor a conveyance of mortgage deed or assignment legally recorded and delivered to a Defendant Mortgage Servicer in conformance with the requirements that a future interest can only transferred by conveyance pursuant to R.I.G.L. §34-4-11 and, to the provisions of R.I.G.L.§ 34-11-1, otherwise such alleged writings are void as a matter of law.

15. Such a Trustee of the Plaintiffs' securitized mortgage notes, on information and belief, has (i) not been conveyed a putative mortgage deed through either an R.I. statutory assignment from a Plaintiff Mortgagee, pursuant to R.I.G.L. §34-11-24, or, (ii) by a conveyance from a Plaintiff mortgagor, pursuant to R.I.G.L.§34-11-1 and R.I.G.L. §34-11-21 and R.I.G.L.§34-11-22, and (iii) such Trustee has not had its trust summarized

and recorded on land records of the municipality of the grantor of the mortgage as required by R.I.G.L.34-4-27.

16. As a consequence of such statutory conveyance failures, such Trustees who hired t he Mortgage Servicers to collect income from the Plaintiffs in the names of the Trustees, do not hold the power of sale by advertising under the provisions of R.I.G.L. § 34-11-22 because those mortgage deeds have not been conveyed to the trustees or to the Defendant mortgage servicers, pursuant to the provisions of R.I.G.L. §34-23-1, R.I.G.L. §34-4-11 and R.I.G.L. §34-11-1.

17. The conducting of illegal sale and auctions through advertising without statutory authority by the Defendant Mortgage Servicers are causing the Plaintiffs and similarly situated members of the Plaintiff class to loss their residential property without a judicial hearing and thus are causing the Plaintiff class irreparable harm without an adequate legal remedy.

18. The recording of the illegal conveyances of the Defendant Mortgage Servicers are causing harm to the members of the Plaintiffs and to their class of owners similarly situated.

19. Each Plaintiff and those similarly situated is a member of the class is so numerous that joinder of all members is impracticable.

20. There are approximately sixty five Plaintiffs who have been victims of faulty foreclosures efforts by the Defendant Mortgage Servicers presently subject to this order of the Honorable District Judge John McConnell on July 15, 2011 which cases are now pending.

21. There are an estimated ninety (90) cases pending on the "MERS" calendar in title clearing matters in the Providence Superior Court involving defective mortgage foreclosure efforts by the Defendant Mortgage Servicers.

22. According to the 2000 U.S. Census there were approximately 143, 000 Rhode Island homes with unpaid mortgages recorded on the land records. Plaintiffs estimate that approximately twenty (20) percent of recorded  mortgages involve members of the Mortgage Electronic Registration System, Inc. and their non conforming recordings; to wit, approximately 28,600 homes, which may be or have been subject to an illegal wrongful foreclosure by a Defendant Mortgage Servicers. In the City of Providence between 2004 and 2008 there were approximately ninety five hundred (9500) conveyances involving MERS members.

23. . The wrongful foreclosures and evictions by the Defendants are causing a major housing crisis in Rhode Island and harm to the Plaintiffs and those similarly situated to property tax income of the municipalities due to the loss of value and tax payers.

24. According to the analysis of Housing WorksRI of Providence, R.I.in the first six (6) months of 2011, there were a total of 1,128 residential foreclosure deeds filed in Rhode Island, averaging 188 per month. There were 1719 residential units lost to foreclosure deeds in 2011, of which 911 units were multifamily units and 809 were single family units.

25. Each member of the class have questions of law common to the class; to wit, (i) do the provisions of R.I.G.L. §34-11-7, R.I.G.L. § 34-11-1, R.I.G.L. §34-11-12, R.I. G.L. §34-11-19,R.I.G.L.§ 34-11-20, R.I.G.L. § 34-11-22,  R.I.G.L. §34-11-24, authorize the Defendant Mortgage Servicers through their membership in MERS to be a mortgagee, or

11

an assignee, or an entity which can foreclose after receiving an assignment from MERS;

(ii) Does R.I. Law authorize a nominee or mortgage servicer be an assignee or an entity

which  conduct a foreclosure by advertisement under R.I. law?

26. Each member of the class have questions of fact common to the class; to wit, The

Plaintiffs are representatives of a class of Rhode Island residents, (i) who own a home in

Rhode Island, (ii) who have filed a document in the land records of any R.I. municipality

after January of 1996, which document purports to convey to Mortgage Electronic

Registration System. Inc (MERS) the statutory mortgage power, R.I.G.L. §34-11-20,  the

statutory condition, R.I.G.L. § 34-11-21, and the statutory power of sale by advertising,

R.I.G.L. § 34-11-22; (iii), and (a) who face a foreclosure by advertising  by an assignee

of the Mortgage Electronic System, Inc; or (b) face a eviction, as tenant by sufferance,

from an entity or person who have putatively obtained title through a foreclosure deed

derived from either a putative MERS mortgage deed or putative MERS assignment; and

(iv) who are persons presently occupying the premises which have MERS documents

recorded in their chains of title, as such conveyances are defined by the provisions of R.I.

law.

27. The claims of the representative members are typical of the claims of the class of the

Plaintiffs, to which each representative member seeks to claim as void under Rhode

Island law the recording of putative MERS mortgage deeds, or the putative MERS

mortgage assignment, and the putative foreclosure deed by advertising derived from the

putative MERS mortgage deed or MERS assignments.

28. The representative Plaintiffs will fairly and adequately protect the interests of the class from illegal foreclosures since they also are seeking to protect their homes which they occupy.

29. A class action by the Plaintiffs is an appropriate procedural mechanism under Rule 23 of the F.R.C.P. because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

30. A class action by the Plaintiffs is an appropriate procedural mechanism under Rule 23 of the F.R.C.P. because the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

31. A class action by the Plaintiffs is an appropriate procedural mechanism under Rule 23 of the F.R.C.P. because adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

32. A class action by the Plaintiffs is an appropriate procedural mechanism under Rule 23 of the F.R.C.P. because the Defendant Mortgage Servicers opposing this class have acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

33. Each Plaintiff member of the class is being threatened or has been harmed by a Defendant Mortgage Servicer by the wrongful foreclosure by advertising pursuant to

R.I.G.L.§ 34-11-22 or by an wrongful eviction by a Defendant Mortgage Servicer who has conducted a wrongful foreclosure by advertising, pursuant to the provisions of R.I.G.L. §34-11-22.

34. Each Member of the Plaintiff class is either being threatened by a Defendant Mortgage Servicer by an illegal foreclosure or by an illegal eviction arising from an illegal foreclosure, in violations of the provisions of 42 USC §1983 by Defendants who have and will continue to act under the color law, to wit, R.I.G.L.§34-11-22

35. The Defendants are illegally taking the Plaintiffs' statutory rights to the redemption of equity, pursuant to R.I.G.L.§34-23-2 and R.I.G.L§34-26-1, without a judicial hearing as provided in R.I.G.L.§34-27-1 and thus denying the Plaintiff's their Due Process Rights under the 14th and 5th Amendment of the U.S. Constitution, as secured by the provisions of 42 USC §1983 and by Section 2 of Article I of the R.I. State Constitution to a judicial hearing, at which the Plaintiffs might object to the illegal foreclosures.

36. No Defendant Mortgage Servicer has sought a judicial foreclosure of the Plaintiffs real estate pursuant to the provisions of R.I.G.L. §34-27-1.

37. Each Plaintiff who is a member of the class will be irreparable harmed by the wrongful foreclosure by advertising under the provisions of R.I.G.L. §34-11-22 by a Defendant Mortgage Servicer and from the subsequent threat of eviction from their homes by a Defendant Mortgage Servicer and have no other remedy at law other than the equitable power of this Court to restrain the Defendants from such wrongful activities.

38. No Plaintiff has signed a mortgage promissory note payable to the Mortgage Electronic Registration System or payable to a Defendant Mortgage Servicer.

39. No Defendant Mortgage Servicer which is seeking, or has sought, to foreclose by advertising the elimination of the power of redemption of the Plaintiffs owns a mortgage note from the Plaintiff endorsed in the name of the Mortgage Servicer.

40. Each Plaintiff has signed a document with a home mortgage note lender which has been recorded in the municipal land records of the State of Rhode Island, which contains the following provisions:

(C ) "MERS" is the Mortgage Electronic Registration System, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, Michigan 48501 -2026, tel.(888) 679-MERS. For the purpose of recording this mortgage, MERS is the mortgagee of record. ***

This security Instrument secures to the Lender (1) the repayment of the loan, and all renewals, extensions and modifications of the Note; and the performance of Borrowers covenants and agreements under this Security Agreement and the Note. For this purpose, Borrower does hereby mortgage, grant, and convey to MERS (solely as nominee for the Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with MORTGAGE COVENANTS UPON THE STATUTORY CONDITION and with STATUTORY POWER OF SALE, the following described property located in the Town of ***, (See Legal Description Attached Hereto and Made a Part Hereof, at Parcel ID *** which currently has the address of *** TOGETHER

15

WITH all the improvements now or hereafter erected on the property,

and all easements, appurtences and fixtures now or hereafter a part of the

property.  All replacements and additions shall also be covered by this

Security Instrument. All of the foregoing is referred to in this Security

Instrument as the "Property". Borrower understands and agrees that

MERS holds only legal title to the interests granted by the Borrower in

this Security Instrument, but if necessary to comply with law or custom,

MERS (as nominee for Lender's successors and assigns) has the right to

exercise any or all of those interests, including but not limited to,

releasing and canceling this Security Interests.

*** Lender at its option may require  immediate payment in full of all

sums  secured by this Security Instrument without further demand and

may invoke the STATUTORY POWER OF SALE ***.

41. None of the Mortgage Deeds naming MERS as nominee or assignments by MERS

members are consistent with the provisions of Chapter 11 of Title 34 and are void

conveyances pursuant to the provisions of R.I.G.L. § 34-11-1.

42. Each Defendant Mortgage Servicer is a Member of the Mortgage Electronic Registration

System (MERS) which utilizes its membership position to conduct an illegal R.I.

foreclosure by advertising of the homes of the Plaintiffs and illegal assignments.

43. The Defendant Mortgage Servicers through their membership in MERS have employed

*"robo-signers"* to sign illegal assignments and foreclosure deeds and affidavits.

44. The Defendant Mortgage Servicers are without statutory authority under R.I. law to make

conveyances or to hold the powers of foreclosure by advertising or the statutory condition

16

to exercise a future interest without a conveyance made pursuant to provisions of Title 34

of the General Laws of Rhode Island.

45. According to MERS, its purpose is to eliminate the need for filing statutory assignments

in the land records of the municipalities of Rhode Island.

> MERS is an innovative process that simplifies the way mortgage ownership and
> servicing rights are originated, sold and tracked. Created by the real estate
> finance industry, MERS eliminates the need to prepare and record assignments
> when trading residential and commercial mortgage loans.
> http://www.mersinc.org/

46. Each Defendant as Member of the Mortgage Electronic Registration System conducts

foreclosures in accordance with Rule 8 of the Mortgage Electronic Registration System

(MERS) which provides as follows:

> MERS® System Membership Rule 8 prohibits Members from initiating
> foreclosure proceedings in the name of Mortgage Electronic Registration
> Systems, Inc. ("MERS"). Rule 8 provides the required guidelines that
> must be followed when a mortgage in which MERS is the mortgagee will
> be foreclosed. Please click here to access the Rules of Membership, and
> reference the Rule 8 requirements.
> Rule 8 requires a Member to instruct one of its MERS Signing Officers
> (also referred to as MERS Certifying Officers) to execute an assignment
> of the mortgage lien from MERS to the servicer or a third party selected
> by the Member. The assignment must be executed by the MERS Signing
> Officer prior to the initiation of the foreclosure proceeding. After
> executing the assignment, the Member must ensure that it is promptly
> sent for recording in the local land records as required by Rule 8.
> These requirements also apply to Motions for Relief from Stay and Proofs
> of Claim in bankruptcy proceedings. Any time that a Member needs to
> file a Proof of Claim or Motion for Relief from Stay and MERS is the
> mortgagee, the Member must first instruct one of their MERS Signing
> Officers to execute an assignment of the mortgage lien from MERS to the
> servicer or a third party selected by the Member. As in foreclosure
> proceedings, the assignment must be executed prior to filing the
> document with the bankruptcy court, and the assignment should be
> promptly sent for recording.
> http://www.mersinc.org/foreclosures/index.aspx

47. The Mortgage Electronic Registration System (MERS) does not own mortgage notes or collect or distribute the proceeds of mortgage foreclosures in Rhode Island according to its own Rules and Bylaws.

48. Through its members, the Mortgage Electronic Registration System (MERS) purports to have a received from each Plaintiff as a Mortgagor, in an illegally recorded document in each municipality of the State of Rhode Island, containing statutory mortgage convenants pursuant to R.I.G.L. §34-11-20, a statutory power to default the mortgage note of the lender, and the statutory power of foreclosure by advertising pursuant to R.I. G.L. § 34-11-22.

49. The Plaintiffs class is being irreparably harmed by the threatened and actual illegal foreclosures and evictions s by the Defendant Mortgage Servicers, utilizing their membership in MERS to file illegal and non conforming documents on the land records in Rhode Island.

50. The Plaintiffs and similarly situated members of the Plaintiffs class have no other adequate remedy at law other than injunctive relief to stop the Defendant Mortgage Servicers from illegal foreclosing by advertising and illegally evicting the Plaintiffs from their property.

**Relief Sought.**

**Wherefore,** the Plaintiffs, for themselves and those similarly situated, respectively demand this Honorable Court (i) certify the Plaintiffs as a class of property owners illegally being harmed by the Defendant Mortgage Servicers, (ii) restrain the Defendants in their capacity as Mortgage Servicers, who are members of MERS, from foreclosing by statutory advertising or evicting the members of the Plaintiffs class from their homes after having

18

illegal foreclosed their rights of redemption in their homes, and otherwise (iii) restrain the

Defendants from recording MERS assignments or MERS mortgage foreclosure deeds on the

land records of any R.I. municipality involving the real estate of the Plaintiffs class, and (iv)

award them reasonable attorney fees and costs, and otherwise provide such relief which is

just and equitable.

Plaintiffs
By their Attorney
Keven A. McKenna, #662
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Telephone
401 521-5820 Fax
Keven@KevenMcKennaPC.com; Net
September 23, 2011