UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Clara Akalarian | : | |
| Frances Burt | : | |
| Vincent and Myra Ferla | : | |
| Norman Gray | : | |
| Souhail S. Khoury | : | |
| Dina Maccarone | : | |
| Mercedes Mendez | : | |
| Timothy Noiseux | : | |
| Lauren Obering | : | |
| Edward and Joy Stoltenberg | : | |
| James Wills, III | : | |
| Plaintiffs for themselves | : | |
| And Others Similarly Situated | : | |
| Vs. | : | Civil Action 11-427M |
| American Home Mortgage | : | |
| Servicing, Inc. | : | |
| Aurora Loan Servicing, LLC, | : | |
| Bank of America Home Loans | : | |
| Chase Home Finance LLC | : | |
| Flagstar Bank, FSB | : | |
| GMAC Mortgage, LLC | : | |
| HSBS Mortgage Corporation (USA) | : | |
| Home Loan Services Inc; | : | |
| Litton Loan Servicing | : | |
| Ocwen Loan Servicing, LLC | : | |
| One West Bank | : | |
| PHH Mortgage Corporation | : | |
| Wells Fargo and Company | : | |
| John Doe Mortgage Servicer,Inc. | : | |
| All in their sole Capacity as | : | |
| Mortgage Servicers. | : | |
| Defendants | | |

## **MOTION TO MODIFY**

Now comes Keven A. McKenna, attorney for over a dozen plaintiffs contesting mortgage foreclosures, and hereby moves this Honorable Court for a modification of that prior Order of the

Court, dated January 5, 2012 wherein Merrill W. Sherman was appointed Special Master to facilitate settlement negotiations between the parties.

Plaintiffs are not opposed to settlement negotiations, however, they are opposed to negotiations with entities who are not true holders of both the purported mortgage deeds and mortgage notes. Should these defendants produce the true and correct "blue ink" documents as set forth above, plaintiffs will earnestly enter into such settlement negotiations as prescribed by the Order appointing the Special Master.

Accordingly, your movant requests that the above Order be modified to assure that such settlement negotiations are conducted with the true and lawful parties necessary to obtain meaningful and legitimate settlements, to wit: those parties holding the requisite proper documents and that the Court modify its Order to require the production of those documents by the defendants in order to bring about meaningful and lawful negotiations between the proper parties.

No mortgagor has any duty to negotiate a modification with anyone but the trustee who issued the mortgage-backed security which funded the loan, or any defendants who hold the mortgage note signed by the mortgagor and, if assigned, actually endorsed in the name of the defendant.

If loan servicers actually hold an endorsed mortgage note, loan servicers could have completed a judicial foreclosure within six months in Rhode Island Superior Court pursuant to R.I.G.L. §34-27.1

                                                              Respectfully submitted,

/s/ Keven A. McKenna
_____

Keven A. McKenna, #662
23 Acorn Street
Providence, RI 02903
(401) 273-8200
kevenm@kevenmckennapc.com

## CERTIFICATE OF SERVICE

I, Keven A. McKenna, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 16, 2012.

/s/ Keven A. McKenna
_____