UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CLARA AKALARIAN, ) | |
| FRANCES BURT, ) | |
| VINCENT AND MYRA FERLA, ) | |
| NORMAN GRAY, ) | |
| SOUHAIL S. KHOURY, ) | |
| DINA MACCARONE, ) | |
| MERCEDES MENDEZ, ) | |
| TIMOTHY NOISEUX, ) | |
| LAUREN OBERING, ) | |
| EDWARD AND JOY STOLTENBERG, ) | |
| JAMES WILLIS, III, ) | |
| For themselves and other similarly situated ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:11-cv-427-M-LDA |
| ) | |
| AMERICAN HOME MORTGAGE SERVICING, INC, ) | |
| AURORA LOAN SERVICING, LLC, ) | |
| BANK OF AMERICA HOME LOANS, ) | |
| CHASE HOME FINANCE, LLC, ) | |
| FLAGSTAR BANK, FSB, ) | |
| GMAC MORTGAGE, LLC, ) | |
| HSBS MORTGAGE CORPORATION (USA), ) | |
| HOME LOANS SERVICES, INC, ) | |
| LITTON LOAN SERVICING, ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| ONE WEST BANK, ) | |
| PHH MORTGAGE CORPORATION, ) | |
| WELLS FARGO AND CO., ) | |
| JOHN DOE MORTGAGE SERVICER, INC., ) | |
| All in their sole capacity as mortgage servicers, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**OBJECTION TO SHOW CAUSE ORDER**

Defendant Flagstar Bank, FSB ("Flagstar") in the above-captioned action hereby responds to the plaintiff's Objection to Show Cause Order (ECF # 37).  For the reasons stated herein, the Court should enter a conditional dismissal of this action with prejudice.

On January 5, 2012, the Court issued an Order appointing Merrill Sherman as Special Master.  That Order required that all parties pay a share of the fees generated by Special Master Sherman in that capacity.  On February 13, 2012, Special Master Sherman issued a memorandum to counsel for all plaintiffs and defendants.  That memorandum attached a form as an "Exhibit A" and requested that all plaintiffs complete and sign the form.  The form requested only the most basic information about each plaintiff's case, such as whether the plaintiff is employed.  It did not request any financial information.

On June 1, 2012, Special Master Sherman reported to the Court that the plaintiffs had failed to submit paperwork she requested.  She recommended that the Court dismiss the plaintiffs' case.  On June 6, 2012, the Court, in a text order, indicated that it would not dismiss any plaintiff's case until giving that plaintiff an opportunity to show cause why the case should not be dismissed.

On July 9, 2012, Special Master Sherman filed a Report and Recommendation.  She reported that the plaintiffs had "failed to submit the most basic information within the very generous deadlines set by the Special Master . . . and failed to pay the Special Master fees, assessed to facilitate the settlement process."  She therefore again recommended that this case be dismissed.  On July 9, 2012, the Court ordered the individual plaintiffs to show cause why their actions should not be dismissed.  That order indicated that if the plaintiffs did not show cause by July 17, 2012, their actions would be dismissed without prejudice.

On July 17, 2012, the plaintiffs filed the Objection to Show Cause Order. In that objection, the plaintiffs make various legal arguments regarding the defendants' collective authority to negotiate a resolution to this litigation through Special Master Sherman's process. Those arguments largely relate to the defendants' standing to conduct nonjudicial foreclosures of the properties at issue. As a matter of fact and law, those arguments are wrong, but Flagstar agrees with the plaintiffs that the legal issues in this case need to be resolved by the Court before settlement of any kind is feasible.

Independently of that issue however, the Court warned the plaintiffs that their case would be dismissed if they failed to show cause for failing to comply with Special Master. In response, the plaintiffs failed to articulate any reason whatsoever why their case should not be dismissed. Instead, their "objection" indicates his unwillingness to cooperate in the special master process at all. An unwillingness to cooperate is not good cause. Flagstar therefore respectfully requests that this action be dismissed, in accordance with the Court's show-cause order.

Though the plaintiffs have had over six months to submit a one page form, they ask for an additional sixty days to complete and submit it. Flagstar opposes that request on the basis that the plaintiffs have been utterly unwilling to cooperate in Special Master Sherman's process to this point. If, however, the Court is inclined to grant the plaintiffs' request, Flagstar asks that the Court do so by entering a conditional order of dismissal *with prejudice*. Such an order would require the plaintiffs to (1) submit all documentation requested by Special Master Sherman and (2) pay their share of Special Master Sherman's retainer fee within sixty days. If the plaintiffs fail to comply with those conditions, this case should be dismissed with prejudice.

WHEREFORE, Flagstar Bank, FSB respectfully requests that this Court enter a conditional dismissal of this action with prejudice, unless the plaintiffs file proof of compliance

with Special Master Sherman's request and payment of the plaintiffs' share of Special Master Sherman's fees within sixty days.

|  |  |
|---|---|
|  | FLAGSTAR BANK, FSB, <br> By its attorneys, |
| PRO HAC VICE | /s/ Gregory S. Bombard <br> Mary Ellen Manganelli <br> Gregory S. Bombard <br> Bulkley, Richardson and Gelinas, LLP <br> 125 High Street <br> Oliver Street Tower, 16th Floor <br> Boston, MA  02110 <br> Tel: (617) 368-2500 <br> Fax: (617) 368-2525 <br> Email: mmanganelli@bulkley.com |
| Dated: July 20, 2012 | Email: gbombard@bulkley.com |
| LOCAL COUNSEL | /s/ Lynda L. Laing <br> Lynda L. Laing, (Bar No. 3082) <br> Strauss, Factor, Laing & Lyons <br> One Davol Square, Suite 305 <br> Providence, RI  02903 <br> Tel: (401) 456-0700 <br> Fax: (401) 421-4730 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed below via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on July 20, 2012.

/s/ Gregory S. Bombard
Gregory S. Bombard

1349229v1