UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: Mortgage Foreclosure Cases | ) ) ) ) ) ) | Misc. No. 11-mc-88-M-LDA |

**OBJECTION TO SECOND RECOMMENDATION BY
SPECIAL MASTER REGARDING RELIEF FROM "NO-FILING" STAY**

Now comes Plaintiffs in the matter of Akalarian, et al v. American Home Mortgage Servicing, Inc., C.A. No. 11-427M, by and through their attorney, and hereby objects to the Special Master's Second Recommendation that their "Stay" be lifted and that they be consequently subject to foreclosure actions. As reasons therefore, Plaintiffs aver as follows:

As set forth in the Second Recommendation, this matter is a class action against <u>all</u> mortgage servicers, seeking a judicial determination that mortgage servicers have no legal authority to effectuate mortgage foreclosures as servicers and are not, by definition or practically, holders of the mortgages being foreclosed.

Whether Ocwen Loan Servicing or Litton Loan Servicing, the two servicers named in the Special Master's Recommendation, have a horse in the race, so to speak, is irrelevant to the proceeding before the Court in this Complaint. This Complaint, very simply, questions whether a mortgage servicer may initiate and proceed with foreclosures. The servicer's principals, the true holders of the mortgages, are the true and correct parties relevant to the mediation process instituted by the Special Master. As the mortgage servicers are indeed improper parties to mediation in this matter, their masters should act in their stead.

Removing these parties from the mediation process unless the proper parties are indeed brought to the table may be appropriate. However, eliminating the stay while the issues remain unresolved is unjust. Ocwen and Litton are not the only servicers named in the Complaint. Indeed the Complaint names all servicers known at the time of filing and includes any unnamed servicers as defendants also. To allow the stay to be lifted against these and similarly positioned Plaintiffs would allow the servicers in the Plaintiffs' respective situations to be foreclosed on one by one, clearly an inequitable remedy until the underlying allegations in the class action suit are resolved through the Court.

    Plaintiffs,
By their Attorney,

/s/ Keven A. McKenna
Keven A. McKenna
23 Acorn Street
Providence, RI 02903
(401) 273-8200
kevenm@kevenmckennapc.com

**CERTIFICATION**

I, Keven A. McKenna, hereby certify that April 1, 2013, I electronically filed the above pleading through the clerk of the United States Court of Appeals for the First Circuit using the CM/ECF system. The electronic participants will have received notice of this pleading electronically.

/s/ Keven A. McKenna